# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GeLab Cosmetics LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> Xueyan Chen, <br><br> *Defendant*. | CASE NO. <br><br> **Jury Demand** |

## COMPLAINT

Plaintiffs GeLab Cosmetics LLC ("GeLab LLC") brings this Complaint against Defendant Xueyan Chen ("Defendant" "Xueyan") for trademark infringement, cybersquatting, and other related claims, and allege as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the trademark infringement and false designation of origin claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. The Court has subject matter jurisdiction over the Illinois state law claims pursuant to 28 U.S.C. § 1367 because they involve the same set of operative facts as the federal intellectual property claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since the Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce store, http://beetlesgelpolishs.com/ ("Infringing Website"). Specifically,

Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using Defendant Internet Store, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks to residents of Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

**NATURE OF THE ACTION**

4. This action has been filed by Plaintiff to combat online counterfeiter who trades upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with "Beetles Gel Polish" trademark, which is covered by U.S. Trademark Registration No. 6,328,967 and the "beetles Gel Polish" trademark, which is covered by U.S. Trademark Registration 5,164,691 (together, the "Beetles Trademarks"). The registrations are valid, subsisting, and in full force and effect. True and correct copies of the federal trademark registration certificates for the Beetles Trademarks are attached hereto as **Exhibit 1**.

5. The Defendant creates fully interactive commercial internet stores operating under the Defendant Domain Names http://beetlesgelpolishs.com/. ("Defendant Internet Store")The Defendant designs the Defendant Internet Store to appear to be selling genuine Plaintiff's products, while selling inferior imitations of Plaintiff's products. The Defendant Internet Store shares unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendant's illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendant attempts to avoid liability by going to great lengths to conceal both its

identity and the full scope and inter-working of its illegal counterfeiting operation. Plaintiff is forced to file this action to combat Defendant's counterfeiting of Plaintiff's registered trademark , cybersquatting, as well as to protect unknowing consumers from purchasing unauthorized Bettles Gel Polish products over the Internet. Plaintiff has been and continue to be irreparably damaged through consumer confusion, dilution, and tarnishment of their valuable trademark as a result of Defendant's actions and seek injunctive and monetary relief.

## THE PARTIES

**THE PLAINTIFF**

6. Plaintiff GeLab Cosmetics LLC is a New Jersey limited liability company having its principal place of business at 255 Old New Brunswick Rd, Piscataway, NJ 08854.

7. GeLab was before used the name Annie Cosmetics LLC ("Annie LLC"). Annie LLC was formed to sell beauty products, including nail polish and remover. A true and correct copy of the Certificate of Formation is hereto attached as **Exhibit A**.

8. On May 7, 2018, Annie LLC changed its name to Anngel Cosmetics LLC ("Anngel LLC"). A true and correct copy of the Certificate of Amendment is attached as **Exhibit B**.

9. On June 6, 2018, Anngel LLC changed its name to GeLab Cosmetics LLC . A true and correct copy of the Certificate of Amendment is attached as **Exhibit C**.

10. GeLab sold beauty products under its Bettles Trademarks. Since the formation of GeLab (formerly known as Annie LLC), GeLab's business grew significantly and its nail polish and remover products are now the best-loved cosmetics in the United States.

11. Some of the products made famous using the Bettles Trademarks are:

**https://www.amazon.com/stores/beetlesGelPolish/page/F1248520-F4CF-431E-AF83-7960D1FAD030?ref_=ast_bln**



12. Beetles Products have become enormously popular and even iconic, driven by the brand's arduous quality standards and innovative design. Among the purchasing public, genuine Beetles Products are instantly recognizable as such. The Beetles brand has become a global success that resonates with females worldwide, and Beetles Products are among the most recognizable in the world. Beetles Products are distributed and sold to consumers through online marketplace throughout the United States, including Illinois.

13. Plaintiff has used the Beetles Trademarks for many years and has continuously sold products under Beetles Trademarks. As a result of this long-standing use, strong common law trademark rights have amassed in the Beetles Trademarks. Plaintiff's use of the marks has also built substantial goodwill in and to the Beetles Trademarks.

14. Beetles Trademarks are valid, subsisting, and in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Beetles Trademarks constitute prima facie evidence of their validity and of Plaintiff's exclusive right to use the

Beetles Trademarks pursuant to 15 U.S.C. § 1057 (b). True and correct copies of the United States Registration Certificates for the Beetles Trademarks are attached hereto as **Exhibit 1**.

15. The Beetles Trademarks are distinctive when applied to the Beetles Products, signifying to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's quality standards. Whether Plaintiff manufactures the products itself or contracts with others to do so, Plaintiff has ensured that products bearing the Beetles Trademarks are manufactured to the highest quality standards.

16. The Beetles Trademarks are famous marks, as that term is used in 15 U.S.C. § 1125(c)(1) and have been continuously used and never abandoned. The innovative marketing and product designs of the Beetles Products have enabled the Beetles brand to achieve widespread recognition and fame and have made the Beetles Trademarks some of the most well-known marks in the cosmetic nail polish and remover industries. The widespread fame, outstanding reputation, and significant goodwill associated with the Beetles brand have made the Beetles Trademarks valuable assets of Plaintiff.

17. Plaintiff has expended substantial time, money, and other resources in advertising and promoting the Beetles Trademarks. In fact, Plaintiff has expended millions of dollars in advertising, promoting and marketing featuring the Beetles Trademarks. Beetles Products have also been the subject of extensive unsolicited publicity resulting from their fame and highquality, innovative designs. As a result, products bearing the Beetles Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being highquality products sourced from Plaintiff. Beetles Products have become among the most popular of their kind in the U.S. and the world. The Beetles Trademarks have achieved tremendous fame and recognition

which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the Beetles Trademarks is of incalculable and inestimable value to Plaintiff.

18. Genuine Beetles Products are sold only through authorized retail channels and are recognized by the public as being exclusively associated with the Beetles brand.

**THE DEFENDANT**

19. On information and belief, Defendant is an individual who owns and/or operate http://beetlesgelpolishs.com/. The Infringing Website is show in Defendant's submitted trademark application specimen. A screenshot of the Domain Information and the specimen are attached:



**Domain Information**

| | |
|---|---|
| Domain: | beetlesgelpolishs.com |
| Registrar: | Alibaba Cloud Computing Ltd. d/b/a HiChina (www.net.cn) |
| Registered On: | 2021-11-02 |
| Expires On: | 2022-11-02 |
| Updated On: | 2021-11-02 |
| Status: | ok |
| Name Servers: | dns11.hichina.com<br>dns12.hichina.com |

20. On information and belief, Defendant resides and/or operates at 1315 W Renaissance Pkwy #293, Ste 850, Rialto, California 92376.

21. Defendant's address is found through its submission to the USPTO. A screenshot of Defendant's TEAS Plus New Application is attached:

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | BEETLESGELPOLISH |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | BEETLESGELPOLISH |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| REGISTER | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | XUEYAN CHEN |
| INTERNAL ADDRESS | 1315 W Renaissance pkwy #293 |
| *MAILING ADDRESS | ste 850 |
| *CITY | Rialto |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 92376 |

## DEFENDANT'S UNLAWFUL CONDUCT

22. The success of the Beetles brand has resulted in its counterfeiting. Plaintiff has identified Defendant's domain name linked to fully interactive website which is and was offering for sale, selling, and importing counterfeit Beetles Products to consumers in this Judicial District and throughout the United States.

23. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price ("MSRP") of goods seized by the U.S. government in fiscal year 2017 was over $1.2 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

24. On personal knowledge and belief, Defendant facilitates sales by designing the Defendant Internet Store so that it appears to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Beetles Products. Defendant Internet Store looks sophisticated and accept payment in U.S. dollars via credit cards, Western Union, or PayPal. Defendant Internet Store often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website.

25. Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using Defendant Internet Store, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Unauthorized Beetles Products to residents of Illinois. *See* **Exhibit D**

26. Plaintiff has not licensed or authorized Defendant to use the Beetles Trademarks and Defendant is not an authorized retailer of genuine Beetles Products.

27. Defendant's use of the Beetles Trademarks in connection with the advertising, distribution, offering for sale, and sale of counterfeit Beetles Products, including the sale of counterfeit Beetles Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT—15 U.S.C. § 1114

28. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

29. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the federally registered Beetles Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Beetles Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Beetles Products offered, sold or marketed under the Beetles Trademarks.

30. Defendant has sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Beetles Trademarks without Plaintiff's permission.

31. Plaintiff's United States Registrations for the Beetles Trademarks (Exhibit 1) are in full force and effect. On information and belief, Defendant has knowledge of Plaintiff's rights in the Beetles Trademarks, and is willfully infringing and intentionally using infringing and counterfeit versions of the Beetles Trademarks. Defendant's willful, intentional and unauthorized use of the Beetles Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized Beetles Products among the general public.

32. Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33. Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the Bettles Trademarks.

34. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Bettles Products.

## COUNT II
## CYBERSQUATTING—15 U.S.C. § 1125(d)(1)

35. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

36. Plaintiff has the right to register and use the distinctive Beetles Trademarks as part of an Internet domain name.

37. The Bettles Trademarks were distinctive and had become associated with Bettles Products before Defendant registered the Internet domain names for the Infringing Website.

38. The Internet domain name for the Infringing Website is confusingly similar to the Beetles Trademarks.

39. Defendant's unauthorized registration and use of the Infringing Website constitutes cybersquatting in violation of the Lanham Act, 15 U.S.C.§ 1125(d)(1).

## COUNT IIII
## VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT—
## 815 ILCS 510/1 et seq

40. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

41. The Counterfeit Products sold and offered for sale by Defendant are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendant's use is likely to cause confusion to the general purchasing public.

42. By misappropriating and using the Plaintiff's marks, genuine product images and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

43. Defendant's unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiff, all to the Defendant's profit and to the Plaintiff's great damage and injury.

44. Defendant's aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., in that Defendant's use of the Plaintiff's marks in connection with its goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

45. Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the Beetles Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Beetles Products or is not authorized by Plaintiff to be sold in connection with the Beetles Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Beetles Products or any other products produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Beetles Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendant's counterfeit Beetles Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the Beetles Trademarks and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff's trademarks, including the Beetles Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof;

      g.   using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or Online Marketplace Account that is being used to sell or is the means by which Defendant could continue to sell counterfeit Beetles Products; and

      h.   operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing either or both of the Beetles Trademarks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine Beetles Product or not authorized by Plaintiff to be sold in connection with the Beetles Trademarks.

2.    Entry of an Order that, at Plaintiff's choosing, the registrant of the Defendant Domain Name shall be changed from the current registrant to Plaintiff, and that the domain name registries for the Defendant Domain Name, including, but not limited to, Alibaba Cloud Computing Ltd., VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Defendant Domain Name to a registrar of Plaintiff's selection, and that the domain name registrars take any steps necessary to transfer the Defendant Domain Name to a registrar of Plaintiff's selection; or that the same domain name registries shall disable the Defendant Domain Name and make them inactive and untransferable;

3.    Order the transfer to Plaintiff of the infringing Internet domain name associated with the Infringing Websites, along with any and all other domain names registered by Defendant or

otherwise under Defendant's control, that are comprised, in whole or in part, of the Bettles Trademarks, or, alternatively, enjoin Defendant, as well as Defendant's subsidiaries, partners, officers, agents, servants, employees, attorneys, and all those acting in concert with them, from registering, owning, or using the infringing Internet domain names;

4. That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the Beetles Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5. In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the Beetles Trademarks;

6. Enter a judgment, pursuant to 15 U.S.C. § 1117(d), awarding Plaintiff up to $100,000 per Internet domain name, including, without limitation, the Infringing Website, registered and used by Defendant in violation of 15 U.S.C. § 1125(d)(1);

7. Enter a judgment awarding Plaintiff the profits of Defendant; Plaintiff's actual damages; and reasonable attorneys' fees, pursuant to 815 ILCS 510/3;

8. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

9. Award any and all other relief that this Court deems just and proper.

Date: March 3, 2022

/s/ Ruoting Men
Ruoting Men, Esq.
GLACIER LAW PLLC
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
Ruoting.men@glacier.law
312-270-0413
**Attorney for Defendant**